Filed 5/26/23 P. v. Goodwin CA2/2
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B321263 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA150991) |
| v. | |
| MARK ANTHONY GOODWIN, | |
| Defendant and Appellant. | |

THE COURT:

Defendant Mark Anthony Goodwin appeals from the trial court's order denying his postjudgment petition for resentencing

under Penal Code[1] section 1172.6.[2]  Having found no error, we affirm the court's order.

## BACKGROUND[3]

On the night of May 22, 1997, Goodwin and his girlfriend Teresa Costello-Kogon were engaged in a heated argument outside a Los Angeles hotel.  At one point, Goodwin grabbed Costello-Kogon by the neck, knocked her to the ground, and kicked her in the head three or more times with work boots.  When a friend came outside to help Costello-Kogon, Goodwin kicked her in the head again.  He appeared drunk.

A deputy medical examiner testified Costello-Kogon died as a result of blunt force trauma to the head that could have been caused by someone wearing construction boots.  DNA analysis established that Costello-Kogon's blood was found on Goodwin's boots.

On January 12, 1998, a jury convicted Goodwin of second degree murder (§ 187) for which he was ultimately sentenced to a state prison term of 15 years to life.[4]

---

[1] Undesignated statutory references are to the Penal Code.

[2] Goodwin petitioned the court pursuant to section 1170.95. Effective June 30, 2022, that section was renumbered section 1172.6, with no change in the text.  (Stats. 2022, ch. 58, § 10.)

[3] The following facts are drawn from this court's unpublished decision in Goodwin's direct appeal from his conviction.  (*People v. Goodwin* (Jan. 31, 2000, B118904) [nonpub. opn.].)

[4] Goodwin was also convicted and sentenced for resisting an executive officer within the meaning of section 69 and having admitted to serving two prior prison terms for felonies within the meaning of section 667.5, subdivision (b).  However, this court

After Goodwin's conviction, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), amending sections 188 and 189, the laws pertaining to felony murder and murder under the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature also added what is now section 1172.6, which provides a procedure for those convicted of murder to seek retroactive relief if they could not now be convicted under the amended laws. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

On May 9, 2022, Goodwin filed a one-page section 1172.6 petition, alleging he was convicted of murder following a trial, a crime for which he could not presently be convicted because of changes in sections 188 and 189, effective January 1, 2019. Attached to the petition was a typed letter and other documents addressed to the trial court.

At the hearing on the petition, Goodwin was not present, but he was represented by appointed counsel. The People opposed the petition. After reviewing the petition, the jury instructions, and the verdict forms, the trial court summarily denied the petition, explaining that Goodwin was convicted of second degree murder as the actual killer of the victim. Goodwin was not tried and the jury was not instructed on the theories of

---

reversed the conviction and sentencing enhancements in response to Goodwin's direct appeal. (*People v. Goodwin, supra*, B118904.) On remand, he was resentenced to 15 years to life.

felony murder or natural and probable consequences. His murder conviction was affirmed on appeal. (*People v. Goodwin, supra*, B118904.)

Goodwin filed a timely notice of appeal from the order of denial.

## DISCUSSION

After examination of the record, appellate counsel filed an opening brief raising no issues. Where appellate counsel finds no arguable issues in an appeal that is not the first appeal after conviction, we are not required to conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226.) However, even if we do not independently review the record to identify unraised issues in such a case, we give the defendant the opportunity to file his own supplemental brief or letter and we evaluate any specific arguments raised. (See *Delgadillo*, at pp. 231–232.)

Here, counsel provided Goodwin with a copy of the record on appeal, informed him of his right to file his own supplemental brief, and that the Court of Appeal may dismiss his appeal as abandoned if he does not do so.

On April 18, 2023, we notified Goodwin of counsel's brief and gave him 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered. On April 28, 2023, the letter was returned bearing a stamp indicating "inmate paroled." Goodwin has failed to apprise this court or appellate counsel of his new address.

We affirm the trial court's order based upon a limited review, as "appellate courts can often readily confirm that a

4

defendant is ineligible for relief as a matter of law without conducting an independent review of the entire record." (*People v. Delgadillo, supra*, 14 Cal.5th at p. 230.) We have taken judicial notice of the appellate record in *People v. Goodwin, supra*, B118904, and we have reviewed the verdicts rendered against Goodwin, the jury instructions, and the procedural history set forth in the appellate opinion. During the prima facie review, if the record of conviction contains facts refuting the allegations of the petition as a matter of law, no prima facie showing can be made, and the petition is properly denied. (*People v. Lewis, supra*, 11 Cal.5th at p. 971.)

Here, there is no evidence that someone besides Goodwin was involved in the murder of Costello-Kogon. As the jury found, he acted alone as the actual killer and stomped her to death. Accordingly, Goodwin is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The order denying the Penal Code section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.      ASHMANN-GERST, J.      HOFFSTADT, J.